**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MUSTAFA ABDULLAH** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **Case No.      4:15-CV-1235 JAR** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| **ST. LOUIS COUNTY, MISSOURI,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**FIRST AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

1. Plaintiff Mustafa Abdullah was a legal observer at the site of a protest on August 10, 2015.  As Mr. Abdullah was approaching his car in an effort to comply with a dispersal request by a police officer, two St. Louis County police officers drove up, jumped out of their car, and ran at him shouting to Mr. Abdullah and his colleagues to get on the ground as they were under arrest.  Mr. Abdullah had committed no offense and the arrest was without probable cause.  Then, Mr. Abdullah was transported to different St. Louis County facilities where he was detained until released around 1:00 p.m. the next day, having been held for approximately 18 hours.  Mr. Abdullah was released without being charged.

2. This is a civil action for violation of Mr. Abdullah's rights under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

## PARTIES

3. Plaintiff Mustafa Abdullah is, and at all times material hereto has been, a resident of the City of St. Louis, State of Missouri.

4. Defendant St. Louis County, Missouri, is a body politic and corporate organized and existing pursuant to Missouri law.

## JURISDICTION AND VENUE

5. This cause is brought pursuant to 42 U.S.C. § 1983.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), since the Defendant is located, and all of the incidents giving rise to this suit occurred, in this judicial district.

## FACTS

6. Plaintiff, Mustafa Abdullah, is a Program Associate employed by the American Civil Liberties Union of Missouri.

7. Mr. Abdullah is also a legal observer and trains other legal observers under the auspices of the American Civil Liberties Union and the National Lawyers Guild.

8. On August 10, 2015, Mr. Abdullah was present at the site of a protest at which individuals orchestrated the shut-down of interstate highway 70, just east of the Blanchette Memorial Bridge.

9. Mr. Abdullah was present as a legal observer, along with approximately 10 other legal observers.

10. Mr. Abdullah was wearing a bright green cap with lettering on the crown that read, "National Lawyers Guild Legal Observer."  All of the legal observers were wearing an identical hat.  Mr. Abdullah also wore a T-shirt with "ACLU" written on it.

11. The role of the legal observers, at the August 10th and at other protest events, is simply to observe and to document, and it is not to engage in any expressive or protest activity.

12. Mr. Abdullah did not engage in any expressive or protest activities and, specifically, Mr. Abdullah did not violate any law or ordinance.

13. As law enforcement officers moved in to prevent further protest and expressive activity, the officers began to arrest people who had participated in blocking the highway.

14. Mr. Abdullah continued to observe and document activities at the highway and then walked down a hill to a church parking lot where he encountered a group of individuals who were gathered on the lot and who were chanting and otherwise exercising their rights protected by the First Amendment to the United States Constitution.

15. As Mr. Abdullah and others, including other legal observers, walked past the individuals gathered on the parking lot, a police officer approached the group and asked the group to disperse.

16. Mr. Abdullah continued to move across the parking lot to his car with the purpose to leave.

17. As Mr. Abdullah approached his car, he observed that all of the points of egress from the lot had been blocked.

18. When Mr. Abdullah was within a few feet of his car, a police car stopped nearby and at least two St. Louis County police officers exited and rushed toward Mr. Abdullah and his colleagues, commanded that they get on the ground, and stated

3

that Mr. Abdullah and his colleagues were under arrest.

19. Mr. Abdullah had never before been arrested.

20. The officers who arrested Mr. Abdullah did not have probable cause to arrest Mr. Abdullah.  Mr. Abdullah had committed no offense in the presence of the arresting officers – indeed, he had committed no offense in the presence of any law enforcement officer, or otherwise.

21. The officers who arrested Mr. Abdullah conducted no investigation either prior to or after they seized Mr. Abdullah.

22. The officers who arrested Mr. Abdullah did not identify themselves and Mr. Abdullah does not presently know their identities.

23. The officers who arrested Mr. Abdullah acted under color of law.

24. After Mr. Abdullah was seized, he repeatedly inquired about the grounds for the arrest and what offense he had committed.  At the scene of the seizure, he was not informed of any cause for his arrest.  Later, having been transported to the police academy with other arrestees, he was told he was going to be charged with interfering with a law enforcement officer.

25. Mr. Abdullah was transported to various locations, was compelled to sit for an extended period of time on a bus with other arrestees and was processed – booked – by having his finger prints taken and his photo taken.

26. Mr. Abdullah was seized at approximately 5:45 p.m. on August 10, 2015 and finally released from custody at approximately 1:00 p.m. on August 11, 2015.

27. Mr. Abdullah's car was towed and he incurred a towing and storage charge of $230.

### COUNT I

**UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AND
FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION,
COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT ST. LOUIS
COUNTY, MISSOURI**

For Count I of his cause of action against St. Louis County, Missouri, Plaintiff

Mustafa Abdullah states:

28. Plaintiff incorporates by this reference the allegations contained in paragraphs 1

through 28 as though fully set forth in this Count I.

29. Mr. Abdullah was seized in violation of the protections of the Fourth Amendment

to the United States Constitution in that the seizure was without probable cause and,

therefore, unreasonable.

30. Defendant St. Louis County, Missouri caused the constitutional violation suffered

by Mr. Abdullah.

31. The St. Louis County Police Department is an arm of Defendant St. Louis County,

Missouri.  The law enforcement officers of the St. Louis County Police Department

are employees of Defendant St. Louis County, Missouri.

32. Defendant has and had an express policy or a custom and usage that was so

pervasive that it constituted the policy of the St. Louis County Police Department to

arrest individuals engaged in or perceived as being engaged in expressive or protest

conduct, or to arrest journalists and individuals documenting police activity,

without probable cause to believe a violation of law or ordinance had been

committed by the arrestee.

33. Having made an arrest without probable cause, it is the policy or custom and usage

of Defendant, acting through its agents to create a record – charges, police reports,

public statements and testimony – that purports to legally support the arrest

regardless of the truth.

34. In furtherance of the policy or custom and usage to unlawfully arrest, charge and prosecute arrestees, Defendant routinely charges violation of St. Louis County ordinance, rather than state law, and files such charges in the municipal court of St. Louis County.

35. The policy or custom and usage is perpetuated by the actions of the executive branch of county government.

36. Alternatively, Defendant is and has been aware of the constitutionally violative arrest practices of its officers and is and has been deliberately indifferent to the rights of individuals who encounter St. Louis County police officers, in the failure to train and supervise its law enforcement officers about the limits the Fourth Amendment places on police power and, when violations occur, discipline the officers.

37. The policy or custom and usage or deliberate indifference has been pervasive over time but has been most prominently evident after the death of Michael Brown and the protests that followed.

38. For example, St. Louis County recently filed charges against at least three journalists who were covering the protests following the death of Michael Brown and there were at least two others who were arrested and either charged or threatened with being charged after being arrested while working as journalists.

39. Similar to the journalists who were charged, two legal observers were recently charged with Interfering with a Police Officer in St. Louis County Municipal Court for observing and documenting police conduct last fall following the shooting of

Michael Brown.

40. St. Louis County police arrested and charged a man who was in Ferguson working for Fox News providing personal security for a journalist.  The security agent had committed no offense.  In fact, he was in the process of complying with an order to disperse and moving the journalist whom he was protecting away from the area. The man appears to be Middle Eastern or Asian. The man was asked, on more than one occasion by more than one agent of Defendant, whether he was Muslim.

41. Following the arrest of the security agent referenced in the preceding paragraph, St. Louis County Police Lt. Lohr, a supervisor at the time at the Ferguson police station protest site where the security agent was arrested, made an admission.  He stated that while his officers were standing in line, prior to making arrests, they talked among themselves and identified individuals who were to be arrested.  When asked whether the officers engage in racial profiling, Lt. Lohr stated, "F____ yah, we do."

42. Mr. Abdullah is a native of Egypt, the son of an Egyptian father and American mother.  He has a Middle Eastern appearance.

43. Mr. Abdullah was observed by multiple troopers of the Missouri State Highway Patrol and was not arrested.

44. Mr. Abdullah walked past one or more St. Louis County police officers before being arrested and was not seized.

45. The fact that Mr. Abdullah was in the presence of multiple officers in locations other than near his car, and was not arrested, indicates that the officers in those other locations observed no violation of law by Mr. Abdullah.

46. To Mr. Abdullah's knowledge, approximately 60 individuals were arrested at the

scene of the protest and many of the arrestees did not participate in the protest.  For example, in addition to the arrest of most of the legal observers, the police arrested individuals who were present to provide emergency medical care – so called street medics – who were clearly identified by red crosses on their clothing and who were not actively participating in the protest.

47. As a result of the acts of Defendant, Plaintiff suffered damages to include being seized and deprived of his freedom, being detained in custody, having his car towed and incurring charges for the tow and storage and emotional distress.

48. If Plaintiff Abdullah prevails, he is entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Mustafa Abdullah prays for judgment against Defendant St. Louis County, Missouri in an amount that is fair and reasonable, for attorney fees and costs and for such further relief as is just in the premises.

## COUNT II

### *RESPONDEAT SUPERIOR* LIABILITY OF
### DEFENDANT ST. LOUIS COUNTY, MISSOURI

For his cause of action in Count II against the St. Louis County, Missouri, Plaintiff Abdullah states:

49. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 49 as though fully set forth herein.

50. Defendant St. Louis County, Missouri is directly liable for the constitutional violations that Plaintiff Abdullah suffered as the St. Louis County, Missouri,

Missouri hired and retained the officers who arrested Mr. Abdullah and who, acting within the course and scope of their employment, power and authority, violated the constitutional rights of Mr. Abdullah under the Fourth and Fourteenth Amendment to the United States Constitution.

51. Plaintiff acknowledges that *respondeat superior* liability is not a basis for liability of Defendant St. Louis County, Missouri, under existing law.  Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 117 S. Ct. 1382 (1997), the dissenting opinion of Justice Stevens in *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985), and based upon the literature addressing this issue.

52. As a direct and proximate result and cause of the conduct of the employees, agents and servants of Defendant St. Louis County, Missouri, acting within the course and scope their employment, Plaintiff suffered injuries and damages.

53.  If Plaintiff prevails, he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendant St. Louis County, Missouri, for compensatory damages, and for attorneys' fees and the costs of this litigation, and for other relief as is appropriate under the law.

Respectfully submitted
September 12, 15

*/S/ Stephen M. Ryals__*
Stephen M. Ryals, MO 34149

9

THE RYALS LAW FIRM, P.C.
P.O. Box 11065
Ferguson, Missouri  63135
(314) 862-6262
ryals@rblawstl.com
Attorney for Plaintiff


*/S/ Sarah K. Molina*
Sarah K. Molina, MO 60606

PROJECT FOR LAW ENFORCEMENT
ACCOUNTABILITY FOR JUSTICE
9300 Olive Blvd.
Saint Louis, Missouri 63132
(314) 329-0171
smolina@molinaimmigration.com
Attorney for Plaintiff

Certificate of Service


I, Sarah K. Molina, hereby certify that on the 12th day of September 17, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all parties and mailed a copy, first class, postage pre-paid to:

Saint Louis County
41 So. Central Avenue
Clayton, Missouri 63105


*/s/Sarah K. Molina*