IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MUSTAFA ABDULLAH, | ) |
| | ) |
| Plaintiff, | ) No. 4:15-CV-1235-JAR |
| | ) |
| vs. | ) |
| | ) Jury Trial Demanded |
| ST. LOUIS COUNTY, MISSOURI, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT ST. LOUIS COUNTY TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW Defendant St. Louis County and, and for its answer to Plaintiff's First Amended Complaint denies everything not specifically admitted and in particular states as follows:

1. Paragraph 1 is not a short statement of alleged facts but rather is mostly a summary of mostly argument of what plaintiff purports to be a cause of action. As to a primary issue in this lawsuit defendant denies that plaintiff's arrest was without probable cause and denies the argument that plaintiff "had committed no offense." The allegation that plaintiff was a "legal observer" is argumentative and vague and calls for speculation as to what the term means. If by that term plaintiff alleges that "legal observer" is a court appointed position then that is denied. If plaintiff is alleging that it is improper to process a person like plaintiff who was arrested with probable cause then that is also denied. If plaintiff is alleging that it is unconstitutional when the processing of an arrested person takes up to 18 hours, then this is denied. If plaintiff is alleging that it is unconstitutional not to immediately charge someone who, like plaintiff has been arrested with probable

1

cause, then that is also denied. If there is any alleged violation in paragraph 1 that has not already been denied, then it is denied.

2. In answer to paragraph 2, defendant admits only that this is a civil action, and that plaintiff has attempted to allege a violation of the Fourth and Fourteenth Amendments, but defendant denies that a violation of the Fourth and Fourteenth Amendments occurred.

3. Defendant has no personal knowledge of plaintiff's residence and therefore denies paragraph 3.

4. In answer to paragraph 4 Defendant St. Louis County states only that it is a Charter County of the State of Missouri and that it exists pursuant to Missouri law.

5. Defendant admits that this Court has jurisdiction and that venue is appropriate.

6. Defendant believes it is correct that plaintiff is employed by the American Civil Liberties Union, but defendant does not know what the term "Program Associate" means and what the entails and so that is denied at this time.

7. If plaintiff is alleging in paragraph 7 that the term "legal observer" is some sort of court appointed designation, or that it is a professional or a licensed occupation then that is denied. If plaintiff is alleging that his employer assigns a "Program Associate" to participate in illegal activity under the title of "legal observer" then defendant states that it just does not have the knowledge at this time to answer that question. Defendant does not have knowledge what the argumentative term "under the auspices of" specifically means, perhaps it means that there is a financial arrangement or a funding arrangement, and further states that it is speculative what is meant by that term, and so that is denied. Defendant does not have knowledge if plaintiff is alleging that he trains other "legal

observes" as an agent and/or employee of the National Lawyers Guild and/or as an agent and/or employee of the American Civil Liberties Union, and so that is denied.

8. In answer to paragraph 8, defendant admits that plaintiff was present on Interstate 70 when Interstate traffic was shut down in both directions just east of the Blanchette Bridge and admits that plaintiff remained on Interstate 70 during the shutdown, even after announcements were made to leave. Further defendant notes that plaintiff does not identify the individuals who he alleges "orchestrated the shut-down of interstate highway 70" or what his involvement was with said individuals both before and during the Interstate Highway shutdown.

9. In answer to paragraph 9, defendant admits what plaintiff seems to be admitting which is that plaintiff was actually present on the Interstate as the Interstate Highway shutdown was occurring and that plaintiff did not leave the Interstate Highway shutdown even after all who were on the Interstate Highway were ordered to leave the Interstate Highway, first by the State Highway Patrol and also by other law enforcement personnel.

10. In answer to paragraph 10 defendant denies the relevance of what plaintiff was wearing at the time that he remained on the Interstate Highway after announcements by the Highway Patrol and then other police were made to leave the Interstate, but it seems as though plaintiff is alleging that he and 10 other people can disobey the orders of the State Highway Patrol and other police to remove themselves from a highway shutdown, as long as they are wearing identical bright green caps with lettering that reads "National Lawyers Guild Legal Observer," and if that is what they are alleging then it is denied.

11. Paragraph 11 is argumentative and for that reason it is denied. If however paragraph 11 is deemed to be an allegation of fact then defendant answers as follows. If plaintiff is

alleging that his role during the shutdown was to be observing while standing off to the side of the Interstate and not actually being on the Interstate Highway while the shutdown was occurring, then defendant denies that plaintiff complied with his role that his employer may have assigned to him. If paragraph 11 is alleging that St. Louis County does not allow lawful "expressive or protest activity" to occur, then paragraph 11 is denied. If plaintiff is alleging that it is permissible for him to remain on the Interstate Highway contributing to a shutdown even after announcements are made to leave the interstate highway, then paragraph 11 is denied.

12. Defendant denies paragraph 12. Further defendant denies the implication of paragraph 12 that St. Louis County arrests people for engaging in protest activities.

13. Paragraph 13 is argumentative and for that reason it is denied. As explanation, it is denied that law enforcement officials arrested people for "protest and expressive activity" but rather it is stated that arrests occurred for shutting down an Interstate Highway by remaining on the Interstate Highway after reasonable, numerous warnings were made to leave the Interstate.

14. Paragraph 14 is confusing. It appears that plaintiff is alleging that he remained on the Interstate Highway even after there were warnings and announcements to leave the Interstate Highway. If that is what plaintiff is alleging then that portion of paragraph 14 is admitted. It then seems as though plaintiff is alleging that after police began arresting those who disobeyed orders to leave the interstate, that he then walked onto a church parking lot, as though he were playing a game of tag and was in an arrest free zone no longer subject to arrest even though he had just violated the law. The answer to that is there was probable cause or reasonable suspicion that plaintiff had violated the law and

he was still subject to arrest. Plaintiff then seems to be alleging that while he was on private property of a church that he walked by a group that was chanting, and if that is what plaintiff is alleging then that would not be in the knowledge of this defendant, but whether someone else was chanting or not is not relevant to whether or not there was probable cause to arrest plaintiff for remaining on the interstate highway contributing to a shut down even after warnings to leave had been given.

15. This defendant does not have personal knowledge whether or not an unnamed officer from an unnamed police force made a statement to a group on private church property and for that reason paragraph 15 is denied. If plaintiff is somehow alleging in paragraph 15 that police arrested persons for failure to disperse from private church property, then that is denied.

16. This defendant has no knowledge of what plaintiff's "purpose" was and therefore paragraph 16 is denied.

17. This defendant has no knowledge of what plaintiff "observed" and therefore paragraph 17 is denied.

18. In answer to paragraph 18 defendant admits only that plaintiff was arrested. Further defendant states that plaintiff was arrested for probable cause and reasonable suspicion that plaintiff had committed an offense. Defendant further states that plaintiff's Initial Complaint and his Amended Complaint both admit that plaintiff had been on the Interstate Highway.

19. Whether or not someone has been arrested is not admissible under the Federal Rules of Evidence. The only possible reason for plaintiff placing this in a pleading is to engage in argument and to have a distraction from the issue of whether on this occasion there was

5

probable cause that plaintiff had committed an offense, and therefore defendant moves to strike this improper argument.

20. Defendant denies paragraph 20 and states affirmatively that there was probable cause for arrest. For further answer defendant states that plaintiff seems to be alleging that even though he remained on the Interstate Highway during the shutdown after orders to leave were issued, that if he did not do so in the presence of the particular arresting officers, then he should not have been arrested by those particular officers. This is denied.

21. To the extent that paragraph 21 is argument it is denied. If plaintiff is alleging in paragraph 21 that there was no probable cause or reasonable suspicion for his arrest then that is denied.

22. Paragraph 22 is denied

23. Defendant admits paragraph 23.

24. Paragraph 24 has three sentences. The first sentence is denied. The second sentence is confusing as it says he was not informed of the "cause" of his arrest. So in answer to the second sentence defendant states that there was probable cause for the arrest of plaintiff, and further defendant denies that plaintiff disputed at the scene of the arrest that there was probable cause for his arrest. In answer to the third sentence, defendant states that the booking process did occur at the Police Academy and so it is true that plaintiff would have been told there what he was being charged with.

25. Paragraph 25 does not state a claim or support the issue of probable cause/reasonable suspicion for arrest, and defendant moves to strike. If the paragraph is not struck, defendant admits that people who are arrested with a large group of other persons often must sit with other persons during the process and admits that people who are arrested

are fingerprinted and photographed, but defendant denies any implication that is a constitutional violation.

26. Paragraph 26 also does not state a claim or support the issue of probable cause/reasonable suspicion for arrest, and defendant moves to strike. If the paragraph is not struck, defendant admits that there are times when the booking process for persons arrested with a large group takes a period of time, but defendant denies that it is a constitutional violation when a person, like plaintiff, arrested on probable cause is released in less than 24 hours.

27. If paragraph 27 is alleging that St. Louis County towed his vehicle, then paragraph 27 is denied. If plaintiff is alleging that he parked his vehicle on private property without the permission of the owner of the private property, and that the owner of the private property then had plaintiff's vehicle towed, then defendant states that it does not have personal knowledge of that fact. Defendant further denies that this allegation states any sort of claim.

## Count I, 42 U. S. C. 1983

28. Defendant St. Louis County re-alleges as though fully set out herein the responses to paragraphs 1-27.

29. Defendant denies paragraph 29.

30. Paragraph 30 is phrased in argumentative fashion and is denied. Further, defendant denies there was a constitutional violation suffered by Mr. Abdullah.

31. In answer to paragraph 31, defendant admits that law enforcement officers of the St. Louis County Police Department are employees of St. Louis County. Calling the police

department "an arm" is vague and speculative as to its meaning, and seems to be argumentative, and for that reason that portion of paragraph 31 is denied.

32. Defendant denies paragraph 32. As further answer defendant states that there were no journalists arrested along with plaintiff. As further answer defendant states that it is believed that the only persons that were arrested at the time that plaintiff was arrested were persons who remained on the interstate after numerous warnings to leave the interstate had been given.

33. Defendant denies paragraph 33, and further denies that St. Louis County has a policy or custom "to create...charges....regardless of the truth."

34. Paragraph 34 is preposterous argument and should be stricken. Essentially paragraph 34 argues that when people shut down an Interstate Highway that they ought be charged with a state felony or misdemeanor instead of a County Ordinance violation, and that if someone is charged with a County Ordinance violation instead of a felony or a misdemeanor that it is an unconstitutional policy or custom. This argument of plaintiff is denied.

35. Paragraph 35 is vague and calls for speculation and conjecture as to what "actions" plaintiff is referring to and so defendant moves to strike said paragraph and if it is not stricken it is denied.

36. Paragraph 36 is denied.

37. Defendant denies paragraph 37.

38. Defendant moves to strike paragraph 38 as it makes argument that has no relevance to this case. As explanation defendant states that plaintiff is not a journalist, and further states that when plaintiff and others were arrested after not obeying officers who warned

them to remove themselves from the interstate highway, neither plaintiff nor the others arrested were journalists. In the alternative defendant states that if plaintiff is alleging in paragraph 38 that this defendant arrests people because they are journalists who cover protest then paragraph 38 is denied. If plaintiff is alleging that defendant arrests people when there is probable cause or reasonable suspicion that they have violated the law, even if by chance they happen to be journalists, then that is admitted.

39. Paragraph 39 continues with argument and on that basis it is denied. In the alternative if plaintiff is alleging in paragraph 39 that two people "were recently charge with Interfering" because they were observing and documenting police conduct then paragraph 39 is denied.

40. Defendant denies paragraph 40.

41. Defendant denies paragraph 41.

42. Defendant does not have personal knowledge that plaintiff is a "native of Egypt" and does not have personal knowledge of the ethnicity of plaintiff's parents and therefore denies same. As further answer, defendant states that if plaintiff is alleging that he was arrested because his mother is American and his father is Egyptian that is denied. If plaintiff is alleging that with an American mother and an Egyptian father he has a mixed ethnicity appearance and that he was arrested for that reason, that that also is denied.

43. Paragraph 43 is vague but it appears in paragraph 43 that plaintiff is alleging that when plaintiff was walking on the Interstate Highway during the highway shutdown and he remained on the highway while even after the Highway Patrol and others gave orders to leave the Interstate Highway but he was not arrested by the troopers who saw him remain on the interstate, then defendant denies that this states a claim. Further this

defendant would not know what had been observed by Missouri Highway Patrol troopers, and so that is denied. But for further answer defendant states that no one was arrested until after a decision was made after an extended period of time to finally arrest those who were remaining on the Interstate.

44. Paragraph 44 is argumentative and is not relevant to the issue of whether plaintiff actually remained on the Interstate Highway after orders were given to leave the interstate so that traffic could again move, and defendant moves to strike this. In the event the paragraph is not stricken defendant states it does not have knowledge at this time whether or not plaintiff walked past one officer before some other officer arrested him, and so that is denied at this time.

45. Defendant denies paragraph 45.

46. Again plaintiff seems to be alleging that if anyone was not engaged in protest that they should not be arrested even though they remained on the Interstate after numerous reasonable warnings, thereby contributing to the shutdown. Therefore paragraph 46 is denied.

47. Defendant denies paragraph 47 including but not limited to the allegations that plaintiff incurred charges for emotional distress, and the allegation that the tow charges were incurred because he was arrested as opposed to parking on private property resulting in the owner having plaintiff's car towed.

48. Defendant denies that plaintiff should prevail. Defendant asserts that plaintiff has made many frivolous allegations which may make plaintiff responsible for attorneys' fees.

### COUNT II

49. Defendant incorporates its responses to paragraphs 1-49 as though set out herein.

**50.** Defendant denies paragraph 50.

**51.** In paragraph 51 plaintiff is admitting that plaintiff is not stating a claim for relief under 42 U. S. C. § 1983 under the doctrine of respondeat superior, but is making the claim anyway because of a dissenting opinion in 1997 and in 1985.

**52.** Defendant denies paragraph 52.

**53.** Defendant denies paragraph 53.

## ADDITIONAL DEFENSES/AFFIRMATIVE DEFENSES

1. For further answer and defense defendant states that plaintiff has not stated a claim upon which relief can be granted for the many reasons stated in the answers to the specific paragraphs above.

2. For further answer and defense, defendant St. Louis County states that all plaintiffs have failed to state a factual claim against St. Louis County under 42 U. S. C. §1983 upon which relief can be granted for many reasons including but not limited to: The doctrine of respondeat superior does not apply; plaintiffs do not assert or identify an official policy or policies of St. Louis County that was allegedly unconstitutional; plaintiffs do not allege that a specific unconstitutional policy or policies caused officers to commit unconstitutional acts; plaintiffs do not allege a pattern of unconstitutional acts committed by subordinates followed by deliberate indifference to the longstanding pattern of unconstitutional acts; plaintiffs do not allege a pattern of unconstitutional violations by untrained employees; plaintiffs do not allege pervasive misconduct of unconstitutional acts that would constitute a custom of usage; instead plaintiffs allege isolated allegations of misconduct by individuals during a difficult time of civil unrest but plaintiffs make

threadbare recitals of causes of action against St. Louis County supported only by plaintiff's conclusory statements.

3. For further answer and defense, Defendant states that plaintiff has failed to state a claim against him under 42 U.S.C. §1983 upon which relief can be granted because negligence in training is insufficient to impose liability. Inadequate training can only rise to the level of a constitutional violation where it amounts to deliberate indifference which obviously leads to constitutional violations.

4. With regard to the alleged Fourth Amendment claim, there was probable cause to arrest plaintiff, and the officers objectively could have thought there was probable cause for arrest and in fact there was probable cause for arrest, and there was reasonable suspicion for plaintiff's arrest. .

**WHEREFORE**, having fully answered Defendant St. Louis County moves this Court to enter judgment in its favor at plaintiffs' costs and for such other relief that the Court deems just under the circumstances, including an award of attorneys' fees.

PETER J. KRANE
COUNTY COUNSELOR

/s/ Michael E. Hughes
Michael E. Hughes   #23360MO
Associate County Counselor
Mhughes2@stlouisco.com
41 So. Central Avenue, 9th Floor
Clayton, MO. 63105
314-615-7009; Fax 314-615-3732
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record this 29th day of October, 2015
/s/   Michael E. Hughes